IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SAMUEL LEONARD HAVENS                                                                     PLAINTIFF

v.                                    Civil No. 3:25-cv-03055-TLB-CDC

SHERIFF JOHN MONTGOMERY, Baxter
County, Arkansas; JAIL ADMINISTRATOR
TABITHA MAZE, Baxter County Detention
Center (BCDC); CORPORAL MASON
CRUISE (BCDC); and SERGEANT ALMA
BROWN (BCDC)                                                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to the Honorable Timothy L. Brooks, Chief United States District Judge, and referred to the undersigned for the purpose of making a report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3). The case is before the Court on Plaintiff's failure to obey the Orders of the Court.

### I. BACKGROUND

Plaintiff filed this lawsuit on August 29, 2025, while he was incarcerated in the Baxter County Detention Center ("BCDC"). The Court entered an order that same day advising Plaintiff that if his address changes then he must inform the Court of his new address within 30 days of his transfer or release from the BCDC. *See* ECF No. 3. On September 15, 2025, a subsequent order that was mailed to Plaintiff was returned to the Court as undeliverable, meaning Plaintiff had a deadline of October 15, 2025, by which to inform this Court of his new address. *See* ECF No. 8.

1

After this deadline passed with no new address having been provided, the Court entered an order imposing a deadline of November 7, 2025 for Plaintiff to show cause why he failed to obey the Court's previous order, and warning that if he failed to respond by the deadline then "this case shall be subject to dismissal."  *See* ECF No. 15.  Plaintiff's show-cause deadline has passed, and he has not responded.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, pursuant to Rule 41(b) and Local Rule 5.5(c)(2), it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

3

**DATED** this **19th day of November 2025**.

/s/ *Christy Comstock*
_____
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE